| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>------------------------------------------------------------------------X<br>In re<br><br>    CLAUDE A. LAWRENCE,<br><br>                              Appellant-Debtor,<br><br>       -against-<br><br>DLJ MORTGAGE CAPITAL, INC.,<br><br>                             Appellee-Owner.<br>------------------------------------------------------------------------X | **For Online Publication Only**<br><br><br><br>**ORDER**<br>17-CV-1405 (JMA)<br><br>FILED<br>CLERK<br><br>12/15/2017 4:02 pm<br><br>U.S. DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>LONG ISLAND OFFICE |

**AZRACK, United States District Judge:**

       Appellant-debtor Claude A. Lawrence, proceeding pro se, filed a Notice of Appeal with this Court on March 13, 2017. On March 15, 2017, the Court issued a notice advising the parties that they were required to file with the Bankruptcy Clerk their designations of items to be included in the record and statement of issues to be presented pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 8009.

       FRBP 8009(a)(1)(B) requires an appellant to file and serve a designation of items to be included in the record on appeal and statement of issues to be presented with the bankruptcy clerk within fourteen (14) days after appellant's notice of appeal as of right becomes effective under FRBP 8002. A district court has the power to dismiss a bankruptcy appeal if an appellant fails to timely comply with FRBP 8009. Bristol v. Ackerman, No. 09-CV-1683, 2010 WL 1223053, at *2 (E.D.N.Y. Mar. 24, 2010) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate, which may include dismissal of the appeal."); see, e.g., Michaelesco v. Whiton, 398 F. App'x 632, 633 (2d Cir. Sept. 22, 2010) (summary order) (affirming district court's sua sponte dismissal of bankruptcy appeal for appellant's failure to

1

comply with FRBP 8009 and failure to establish excusable neglect for the default).

On April 13, 2017, the Court issued another notice to the parties informing them that they must follow the briefing schedule set forth in FRBP 8018. Lawrence was informed that he "must serve and file a brief within 30 days of this notice."

On April 13, 2017, shortly after the Court issued the notice described above, appellee DLJ Mortgage Capital, Inc. ("DLJ") filed a motion to dismiss this action on various grounds, including mootness and Lawrence's failure to file and serve a designation of items to be included in the record on appeal and a statement of issues to be presented on appeal.

To date, Lawrence has not: (1) responded to DLJ's motion to dismiss; (2) filed and served a designation of items to be included in the record on appeal or a statement of issues to be presented on appeal; (3) filed his brief; or (4) filed anything with this Court since his March 13, 2017 Notice of Appeal. Accordingly, the Court finds that Lawrence has failed to prosecute his appeal and that DLJ's motion to dismiss should be granted. Lawrence's appeal is hereby dismissed.

The Clerk of Court is directed to mail a copy of this order to Lawrence and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Date:  December 15, 2017
       Central Islip, New York

                                                              /s/ (JMA)
                                                        Joan M. Azrack
                                                        United States District Judge